**Sherman Law Firm**
P.O. Box 959
Haslet, TX  76052

sharon@shermanlawfirm.us
Bar Number:   24033059
Phone:    (817) 540-2422

**IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | | | |
|---|---|---|---|---|
| In re: **Richard Ernest Bennett** | xxx-xx-2805 | § | Case No: | **17-40511-mxm13** |
| 1101 Doubletree Lane | | § | Date: | **2/6/2017** |
| Mansfield, TX 76063 | | § | | |
| | | § | Chapter 13 | |
| | | § | | |

Debtor(s)

*AMENDED 6/13/2017*
**DEBTOR'S(S') CHAPTER 13 PLAN
(CONTAINING A MOTION FOR VALUATION)**

**DISCLOSURES**

☑ This *Plan* does not contain any nonstandard provision(s).

☐ This *Plan* does contain nonstandard provision(s).

☑ This *Plan* does not limit the amount of a secured claim based on a valuation of the *Collateral* for the claim.

☐ This *Plan* does limit the amount of a secured claim based on a valuation of the *Collateral* for the claim.

This *Plan* does not avoid a security interest or lien.

Language in italicized type in this *Plan* shall be as defined in the "General Order 2016-01, Standing Order Concerning Chapter 13 Cases" and as it may be superseded or amended ("General Order").  All provisions of the General Order shall apply to this *Plan* as if fully set out herein.

| | | | | |
|---|---|---|---|---|
| Plan Payment: | **Variable** | Applicable Commitment Period: **36 months** | Estimated Unsecured Creditors Pool: | **$827.50** |
| Plan Term: | **60 months** | Disposable Income per § 1325(b)(2): | **$0.00** | |
| Plan Base: | **$212,640.00** | Value of Non-exempt property per § 1325(a)(4): | **$827.50** | |

## MOTION FOR VALUATION

Pursuant to Bankruptcy Rule 3012, for purposes of 11 U.S.C. § 506(a) and § 1325(a)(5) and for purposes of determination of the amounts to be distributed to holders of secured claims who do not accept the *Plan, Debtor(s)* hereby move(s) the Court to value the *Collateral* described in Section I, Part E.(1) and Part F of the *Plan* at the lesser of the value set forth therein or any value claimed on the proof of claim. Any objection to valuation shall be filed at least seven (7) days prior to the date of the *Trustee's* pre-hearing conference regarding Confirmation or shall be deemed waived.

## SECTION I
### DEBTOR'S(S') CHAPTER 13 PLAN - SPECIFIC PROVISIONS
### FORM REVISED 10/1/16

**A. PLAN PAYMENTS:**

*Debtor(s)* propose(s) to pay to the *Trustee* the sum of:

__$3,300.00__ per month, months __1__ to __12__.
__$3,605.00__ per month, months __13__ to __60__.

For a total of __$212,640.00__ (estimated "*Base Amount*").

First payment is due __3/8/2017__.

The applicable commitment period is __36__ months.

Disposable Income calculated by *Debtor(s)* per § 1325(b)(2) is: __$0.00__.

*Debtor's(s')* equity in non-exempt property, as estimated by *Debtor(s)* per § 1325(a)(4) is: __$827.50__.

The unsecured creditor's pool, as estimated by the *Debtor(s)*, shall be no less than __$827.50__.

**B. STATUTORY, ADMINISTRATIVE AND DSO CLAIMS:**

1. **CLERK'S FILING FEE:** Total filing fees paid through the *Plan*, if any, are __$0.00__ and shall be paid in full prior to disbursements to any other creditor.

2. **STATUTORY TRUSTEE'S PERCENTAGE FEE(S) AND NOTICING FEES:** *Trustee's Percentage Fee(s)* and any noticing fees shall be paid first out of each receipt as provided in General Order 2014-04 (as it may be superseded or amended) and 28 U.S.C. § 586(e)(1) and (2).

3. **DOMESTIC SUPPORT OBLIGATIONS:** The *Debtor* is responsible for paying any Post-petition Domestic Support Obligation directly to the DSO claimant. Pre-petition Domestic Support Obligations per Schedule "E/F" shall be paid in the following monthly payments:

| DSO CLAIMANTS | SCHED. AMOUNT | % | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT $__ PER MO. |
|---|---|---|---|---|
| | | | | |

**C. ATTORNEY FEES:** To __Sherman Law Firm__, total: __$3,700.00__ ;
__$1,000.00__ Pre-petition; __$2,700.00__ disbursed by the *Trustee.*

Case No:   17-40511-mxm13
Debtor(s):   **Richard Ernest Bennett**

---

**D.(1) PRE-PETITION MORTGAGE ARREARAGE:**

| MORTGAGEE | SCHED. ARR. AMT | DATE ARR. THROUGH | % | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT |
|---|---|---|---|---|---|
| Seterus Homestead | $47,185.68 | | 0.00% | Month(s) 1-60 | Pro-Rata |

**D.(2) CURRENT POST-PETITION MORTGAGE PAYMENTS DISBURSED BY THE TRUSTEE IN A CONDUIT CASE:**

| MORTGAGEE | # OF PAYMENTS PAID BY TRUSTEE | CURRENT POST-PETITION MORTGAGE PAYMENT AMOUNT | FIRST CONDUIT PAYMENT DUE DATE (MM-DD-YY) |
|---|---|---|---|
| Seterus Homestead | 59 month(s) | $1,464.41 | 5/1/2017 |

**D.(3) POST-PETITION MORTGAGE ARREARAGE:**

| MORTGAGEE | TOTAL AMT. | DUE DATE(S) (MM-DD-YY) | % | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT |
|---|---|---|---|---|---|
| Seterus Homestead | $2,604.58 | 3/1/2017-4/1/2017 | 0.00% | Month(s) 1-60 | Pro-Rata |

**E.(1) SECURED CREDITORS - PAID BY THE TRUSTEE:**

A.

| CREDITOR / COLLATERAL | SCHED. AMT. | VALUE | % | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT Per Mo. |
|---|---|---|---|---|---|

B.

| CREDITOR / COLLATERAL | SCHED. AMT. | VALUE | % | | TREATMENT Pro-rata |
|---|---|---|---|---|---|
| IRS-Special Procedures Real and Personal Property | $8,874.51 | $216,055.00 | 3.00% | | Pro-Rata |

To the extent the value amount in E.(1) is less than the scheduled amount in E.(1), the creditor may object. In the event a creditor objects to the treatment proposed in paragraph E.(1), the *Debtor(s)* retain(s) the right to surrender the *Collateral* to the creditor in satisfaction of the creditor's claim.

**E.(2) SECURED 1325(a)(9) CLAIMS PAID BY THE TRUSTEE - NO CRAM DOWN:**

A.

| CREDITOR / COLLATERAL | SCHED. AMT. | % | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT Per Mo. |
|---|---|---|---|---|

B.

| CREDITOR / COLLATERAL | SCHED. AMT. | % | | TREATMENT Pro-rata |
|---|---|---|---|---|

The valuation of *Collateral* set out in E.(1) and the interest rate to be paid on the above scheduled claims in E.(1) and E.(2) will be finally determined at confirmation. The allowed claim amount will be determined based on a timely filed proof of claim and the *Trustee's Recommendation Concerning Claims* ("TRCC") or by an order on an objection to claim.

Absent any objection to the treatment described in E.(1) or E.(2), the creditor(s) listed in E.(1) and E.(2) shall be deemed to have accepted the *Plan* per section 1325(a)(5)(A) of the Bankruptcy Code and to have waived its or their rights under section 1325(a)(5)(B) and (C) of the Bankruptcy Code.

F.  **SECURED CREDITORS - COLLATERAL TO BE SURRENDERED:**

| CREDITOR / COLLATERAL | SCHED. AMT. | VALUE | TREATMENT |
|---|---|---|---|
| | | | |

Upon confirmation, pursuant to 11 U.S.C. § 1322(b)(8), the surrender of the *Collateral* described herein will provide for the payment of all or part of a claim against the *Debtor(s)* in the amount of the value given herein.

The valuation of *Collateral* in F will be finally determined at confirmation. The allowed claim amount will be determined based on a timely filed proof of claim and the *Trustee's Recommendation Concerning Claims* ("TRCC") or by an order on an objection to claim.

The *Debtor(s)* request(s) that the automatic stay be terminated as to the surrendered *Collateral*. If there is no objection to the surrender, the automatic stay shall terminate and the *Trustee* shall cease disbursements on any secured claim which is secured by the *Surrendered Collateral*, without further order of the Court, on the 7th day after the date the *Plan* is filed. However, the stay shall not be terminated if the *Trustee* or affected secured lender files an objection in compliance with paragraph 8 of the General Order until such objection is resolved.

Nothing in this *Plan* shall be deemed to abrogate any applicable non-bankruptcy statutory or contractual rights of the *Debtor(s)*.

G.  **SECURED CREDITORS - PAID DIRECT BY DEBTOR:**

| CREDITOR | COLLATERAL | SCHED. AMT. |
|---|---|---|
| **Mansfield ISD** | **Homestead** | **$2,000.00** |
| **Tarrant County** | **Homestead** | **$1,500.00** |

H.  **PRIORITY CREDITORS OTHER THAN DOMESTIC SUPPORT OBLIGATIONS:**

| CREDITOR | SCHED. AMT. | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT |
|---|---|---|---|
| **IRS-Special Procedures** | **$42,719.26** | **Month(s) 1-60** | **Pro-Rata** |

I.  **SPECIAL CLASS:**

| CREDITOR | SCHED. AMT. | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT |
|---|---|---|---|
| | | | |

JUSTIFICATION: _____

J.  **UNSECURED CREDITORS:**

| CREDITOR | SCHED. AMT. | COMMENT |
|---|---|---|
| **Ameripath North Texas** | **$60.00** | |
| **AT&T** | **$391.85** | |
| **AT&T** | **$364.69** | |
| **AT&T Advertising Solutions** | **$1,256.65** | |
| **Birch Communications** | **$776.17** | |
| **Capital One** | **$1,645.57** | |
| **Capital One Bank** | **$1,298.33** | |
| **CBCS Debt Resolution** | **$134.00** | |
| **Child Study Center** | **$317.83** | |
| **Cook Chidren's Medical Center** | **$1,200.00** | |
| **Cook Chidren's Medical Center** | **$2,856.21** | |
| **Cook Chidren's Medical Center** | **$495.50** | |

Case No:   17-40511-mxm13
Debtor(s):   **Richard Ernest Bennett**

| Creditor | Amount |
|---|---:|
| **Cook Children's Medical Center** | $360.00 |
| **Cook Childrens** | $633.00 |
| **Cook Childrens** | $832.40 |
| **Cook Childrens** | $474.84 |
| **Cook Childrens Physician Network** | $124.13 |
| **Dell Financial Services** | $2,892.40 |
| **Denitech** | $222.85 |
| **Family Healthcare Associates** | $1.00 |
| **GE Capital** | $313.27 |
| **JP Morgan Chase Bank** | $1,386.89 |
| **JPS Health** | $3,900.00 |
| **Laboratory Corp of America** | $197.45 |
| **Lexis Nexis** | $2,105.28 |
| **Medical Center of Arlington** | $1.00 |
| **Medical Center of Arlington** | $2,146.49 |
| **Medical Center of Arlington** | $188.12 |
| **MHMR of Tarrant County** | $300.00 |
| **Navient Student Loans** | $112,018.35 |
| **Paramount Recovery Systems** | $360.00 |
| **Questcare Medical Services, PA** | $360.00 |
| **Radiology Assoc of Tarrant** | $19.67 |
| **Retailers National Bank** | $191.74 |
| **Retailers National Bank** | $189.61 |
| **Staples Credit Plan** | $847.79 |
| **Terminix** | $96.12 |
| **The Children's Courtyard** | $727.80 |
| **The Childrens Courtyard** | $922.00 |
| **Time Warner, Inc.** | $197.24 |
| **West Publishing Corp.** | $1,265.04 |
| **YMCA of Arlington** | $70.00 |
| **YP** | $846.18 |
| TOTAL SCHEDULED UNSECURED: | $144,987.46 |

The *Debtor's(s')* estimated (but not guaranteed) payout to unsecured creditors based on the scheduled amount is     **0%**   .

General unsecured claims will not receive any payment until after the order approving the TRCC becomes final.

**K.   EXECUTORY CONTRACTS AND UNEXPIRED LEASES:**

| § 365 PARTY | ASSUME/REJECT | CURE AMOUNT | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT |
|---|---|---|---|---|
| | | | | |

**SECTION II
DEBTOR'S(S') CHAPTER 13 PLAN - GENERAL PROVISIONS
FORM REVISED 10/1/16**

**A.   SUBMISSION OF DISPOSABLE INCOME:**

*Debtor(s)* hereby submit(s) future earnings or other future income to the *Trustee* to pay the *Base Amount*.

Case No:    17-40511-mxm13
Debtor(s):  **Richard Ernest Bennett**

---

**B.  ADMINISTRATIVE EXPENSES, DSO CLAIMS & PAYMENT OF TRUSTEE'S STATUTORY PERCENTAGE FEE(S) AND NOTICING FEES:**

The Statutory Percentage Fees of the *Trustee* shall be paid in full pursuant to 11 U.S.C. §§ 105(a), 1326(b)(2), and 28 U.S.C. § 586(e)(1)(B). The *Trustee* is authorized to charge and collect Noticing Fees as indicated in Section I, Part "B" hereof.

**C.  ATTORNEY FEES:**

*Debtor's(s')* Attorney Fees totaling the amount indicated in Section I, Part C, shall be disbursed by the *Trustee* in the amount shown as "Disbursed By The Trustee" pursuant to this *Plan* and the ***Debtor's(s')*** Authorization for Adequate Protection Disbursements ("*AAPD*"), if filed.

**D.(1) PRE-PETITION MORTGAGE ARREARAGE:**

The Pre-Petition *Mortgage Arrearage* shall be paid by the *Trustee* in the allowed pre-petition arrearage amount and at the rate of interest indicated in Section I, Part D.(1). To the extent interest is provided, it will be calculated from the date of the Petition. The principal balance owing upon confirmation of the *Plan* on the allowed pre-petition *Mortgage Arrearage* amount shall be reduced by the total adequate protection less any interest (if applicable) paid to the creditor by the *Trustee*. Such creditors shall retain their liens.

**D.(2) CURRENT POST-PETITION MORTGAGE PAYMENTS DISBURSED BY TRUSTEE IN A CONDUIT CASE:**

*Current Post-Petition Mortgage Payment(s)* shall be paid by the *Trustee* as indicated in Section I, Part D.(2), or as otherwise provided in the General Order.

The *Current Post-Petition Mortgage Payment(s)* indicated in Section I, Part D.(2) reflects what the *Debtor(s)* believe(s) is/are the periodic payment amounts owed to the *Mortgage Lender* as of the date of the filing of this *Plan*. Adjustment of the *Plan Payment* and *Base Amount* shall be calculated as set out in the General Order, paragraph 15(c)(3).

Payments received by the *Trustee* for payment of the *Debtor's Current Post-Petition Mortgage Payment(s)* shall be deemed adequate protection to the creditor.

Upon completion of the *Plan, Debtor(s)* shall resume making the *Current Post-Petition Mortgage Payments* required by their contract on the due date following the date specified in the *Trustee's* records as the date through which the *Trustee* made the last *Current Post-Petition Mortgage Payment*.

Unless otherwise ordered by the Court, if a *Conduit Debtor* is current on his/her *Plan Payments* or the payment(s) due pursuant to any wage directive, the *Mortgage Lender* shall be deemed current post-petition.

**D.(3) POST-PETITION MORTGAGE ARREARAGE:**

The *Post-Petition Mortgage Arrearage* shall be paid by the *Trustee* in the allowed amount and at the rate of interest indicated in Section I, Part D.(3). To the extent interest is provided, it will be calculated from the date of the Petition.

*Mortgage Lenders* shall retain their liens.

**E.(1)  SECURED CLAIMS TO BE PAID BY TRUSTEE:**

The claims listed in Section I, Part E.(1) shall be paid by the *Trustee* as secured to the extent of the lesser of the allowed claim amount (per a timely filed Proof of Claim not objected to by a party in interest) or the value of the *Collateral* as stated in the *Plan*. Any amount claimed in excess of the value shall automatically be split and treated as unsecured as indicated in Section I, Part H or J, per 11 U.S.C. § 506(a). Such creditors shall retain their liens on the *Collateral* described in Section I, Part E.(1) as set out in 11 U.S.C. § 1325(a)(5)(B)(I) and shall receive interest at the rate indicated from the date of confirmation or, if the value shown is greater than the allowed claim amount, from the date of the Petition, up to the amount by which the claim is over-secured. The principal balance owing upon confirmation of the *Plan* on the allowed secured claim shall be reduced by the total of adequate protection payments less any interest (if applicable) paid to the creditor by the *Trustee*.

**E.(2)  SECURED 1325(a)(9) CLAIMS TO BE PAID BY THE TRUSTEE--NO CRAM DOWN:**

Claims in Section I, Part E.(2) are either debts incurred within 910 days of the *Petition Date* secured by a purchase money security interest in a motor vehicle acquired for the personal use of the *Debtor(s)* or debts incurred within one year of the *Petition Date* secured by any other thing of value.

The claims listed in Section I, Part E.(2) shall be paid by the *Trustee* as fully secured to the extent of the allowed amount (per a timely filed Proof of Claim not objected to by a party in interest).  Such creditors shall retain their liens on the *Collateral* described in Section I, Part E.(2) until the earlier of the payment of the underlying debt determined under non-bankruptcy law or a discharge under § 1328 and shall receive interest at the rate indicated from the date of confirmation.  The principal balance owing upon confirmation of the *Plan* on the allowed secured claim shall be reduced by the total of adequate protection payments paid to the creditor by the *Trustee.*

To the extent a secured claim not provided for in Section I, Part D, E.(1) or E.(2) is allowed by the Court, *Debtor(s)* will pay the claim direct per the contract or statute.

Each secured claim shall constitute a separate class.

**F.   SATISFACTION OF CLAIM BY SURRENDER OF COLLATERAL:**

The claims listed in Section I, Part F shall be satisfied as secured to the extent of the value of the *Collateral*, as stated in the *Plan*, by surrender of the *Collateral* by the *Debtor(s)* on or before confirmation.  Any amount claimed in excess of the value of the *Collateral*, to the extent it is allowed, shall be automatically split and treated as indicated in Section I, Part H or J, per 11 U.S.C. § 506(a).

Each secured claim shall constitute a separate class.

**G.   DIRECT PAYMENTS BY DEBTOR(S):**

Payments on all secured claims listed in Section I, Part G shall be disbursed by the *Debtor(s)* to the claimant in accordance with the terms of their agreement or any applicable statute, unless otherwise provided in Section III, "Nonstandard Provisions."

No direct payment to the IRS from future income or earnings in accordance with 11 U.S.C. § 1322(a)(1) will be permitted.

Each secured claim shall constitute a separate class.

**H.   PRIORITY CLAIMS OTHER THAN DOMESTIC SUPPORT OBLIGATIONS:**

Failure to object to confirmation of this *Plan* shall not be deemed acceptance of the "SCHED. AMT." shown in Section I, Part H. The claims listed in Section I, Part H shall be paid their allowed amount by the *Trustee*, in full, pro-rata, as priority claims, without interest.

**I.   CLASSIFIED UNSECURED CLAIMS:**

Classified unsecured claims shall be treated as allowed by the Court.

**J.   GENERAL UNSECURED CLAIMS TIMELY FILED:**

All other allowed claims not otherwise provided for herein shall be designated general unsecured claims.

**K.   EXECUTORY CONTRACTS AND UNEXPIRED LEASES:**

As provided in § 1322(b)(7) of the Bankruptcy Code, the *Debtor(s)* assume(s) or reject(s) the executory contracts or unexpired leases with parties as indicated in Section I, Part K.

Assumed lease and executory contract arrearage amounts shall be disbursed by the *Trustee* as indicated in Section I, Part K.

**L.   CLAIMS TO BE PAID:**

"TERM (APPROXIMATE)" as used in this *Plan* states the estimated number of months from the *Petition Date* required to fully pay the allowed claim.  If adequate protection payments have been authorized and made, they will be applied to principal as to both under-secured and fully secured claims and allocated between interest and principal as to over-secured claims.  Payment pursuant to this *Plan* will only be made on statutory, secured, administrative, priority and unsecured claims that are allowed or, pre-confirmation, that the *Debtor(s)* has/have authorized in a filed Authorization for Adequate Protection Disbursements.

**M.   ADDITIONAL PLAN PROVISIONS:**

Any additional *Plan* provisions shall be set out in Section III, "Nonstandard Provisions."

**N.  POST-PETITION NON-ESCROWED AD VALOREM (PROPERTY) TAXES AND INSURANCE:**

Whether the *Debtor* is a *Conduit Debtor* or not, if the regular payment made by the *Debtor* to a *Mortgage Lender* or any other lienholder secured by real property does not include an escrow for the payment of ad valorem (property) taxes or insurance, the *Debtor* is responsible for the timely payment of post-petition taxes directly to the tax assessor and is responsible for maintaining property insurance as required by the mortgage security agreement, paying all premiums as they become due directly to the insurer.  If the *Debtor* fails to make these payments, the mortgage holder may, but is not required to, pay the taxes and/or the insurance.  If the mortgage holder pays the taxes and/or insurance, the mortgage holder may file, as appropriate, a motion for reimbursement of the amount paid as an administrative claim or a *Notice of Payment Change by Mortgage Lender* or a *Notice of Fees, Expenses, and Charges.*

**O.  CLAIMS NOT FILED:**

A claim not filed with the Court will not be paid by the *Trustee* post-confirmation regardless of its treatment in Section I or on the *AAPD.*

**P.  CLAIMS FOR PRE-PETITION NON-PECUNIARY PENALTIES, FINES, FORFEITURES, MULTIPLE, EXEMPLARY OR PUNITIVE DAMAGES:**

Any unsecured claim for a non-pecuniary penalty, fine, or forfeiture, or for multiple, exemplary or punitive damages, expressly including an IRS penalty to the date of the petition on unsecured and/or priority claims, shall be paid only a pro-rata share of any funds remaining after all other unsecured claims, including late filed claims, have been paid in full.

**Q.  CLAIMS FOR POST-PETITION PENALTIES AND INTEREST:**

No interest, penalty, or additional charge shall be allowed on any pre-petition claims subsequent to the filing of the petition, unless expressly provided herein.

**R.  BUSINESS CASE OPERATING REPORTS:**

Upon the filing of the *Trustee's* 11 U.S.C. § 1302(c) Business Case Report, business *Debtors* are no longer required to file operating reports with the *Trustee*, unless the *Trustee* requests otherwise.  The filing of the *Trustee's* 11 U.S.C. § 1302(c) Business Case Report shall terminate the *Trustee's* duties but not the *Trustee's* right to investigate or monitor the *Debtor's(s')* business affairs, assets or liabilities.

**S.  NO TRUSTEE'S LIABILITY FOR DEBTOR'S POST-CONFIRMATION OPERATION AND BAR DATE FOR CLAIMS FOR PRE-CONFIRMATION OPERATIONS:**

The *Trustee* shall not be liable for any claim arising from the post-confirmation operation of the *Debtor's(s')* business.  Any claims against the *Trustee* arising from the pre-confirmation operation of the *Debtor's(s')* business must be filed with the Bankruptcy Court within sixty (60) days after entry by the Bankruptcy Court of the Order of Confirmation or be barred.

**T.  DISPOSAL OF DEBTOR'S NON-EXEMPT PROPERTY; RE-VESTING OF PROPERTY; NON-LIABILITY OF TRUSTEE FOR PROPERTY IN POSSESSION OF DEBTOR WHERE DEBTOR HAS EXCLUSIVE RIGHT TO USE, SELL, OR LEASE IT; AND TRUSTEE PAYMENTS UPON POST CONFIRMATION CONVERSION OR DISMISSAL:**

*Debtor(s)* shall not dispose of or encumber any non-exempt property or release or settle any lawsuit or claim by *Debtor(s)*, prior to discharge, without consent of the *Trustee* or order of the Court after notice to the *Trustee* and all creditors.

Property of the estate shall not vest in the *Debtor* until such time as a discharge is granted or the *Case* is dismissed or closed without discharge.  Vesting shall be subject to all liens and encumbrances in existence when the *Case* was filed and all valid post-petition liens, except those liens avoided by court order or extinguished by operation of law.  In the event the *Case* is converted to a case under chapter 7, 11, or 12 of the Bankruptcy Code, the property of the estate shall vest in accordance with applicable law.  After confirmation of the *Plan*, the *Trustee* shall have no further authority, fiduciary duty or liability regarding the use, sale, insurance of or refinance of property of the estate except to respond to any motion for the proposed use, sale, or refinance of such property as required by the applicable laws and/or rules.  Prior to any discharge or dismissal, the *Debtor(s)* must seek approval of the court to purchase, sell, or refinance real property.

Upon dismissal of the *Case* post confirmation, the *Trustee* shall disburse all funds on hand in accordance with this *Plan*.  Upon conversion of the *Case*, any balance on hand will be disbursed by the *Trustee* in accordance with applicable law.

Case No:   17-40511-mxm13
Debtor(s):   **Richard Ernest Bennett**

___

U.   **ORDER OF PAYMENT:**

Unless otherwise ordered by the court, all claims and other disbursements made by the Chapter 13 *Trustee* after the entry of an order confirming the Chapter 13 Plan, whether pursuant to this *Plan* or a modification thereof, will be paid in the order set out below, to the extent a creditor's claim is allowed or the disbursement is otherwise authorized.  Each numbered paragraph below is a level of payment.  All disbursements which are in a specified monthly amount are referred to as "per mo."  At the time of any disbursement, if there are insufficient funds on hand to pay any per mo payment in full, claimant(s) with a higher level of payment shall be paid any unpaid balance owed on a per mo payment plus the current per mo payment owed to that same claimant, in full, before any disbursement to a claimant with a lower level of payment.  If multiple claimants are scheduled to receive per mo payments within the same level of payment and there are insufficient funds to make those payments in full, available funds will be disbursed to the claimants within that level on a pro-rata basis.  Claimants with a higher level of payment which are designated as receiving pro-rata payments shall be paid, in full, before any disbursements are made to any claimant with a lower level of payment.

1st -- Clerk's Filing Fee and Trustee's Percentage Fee(s) and Noticing Fees in B.(1) and B.(2) and per statutory provisions will be paid in full.

2nd -- Current Post-Petition Mortgage Payments (Conduit) in D.(2) and as adjusted according to the General Order, which must be designated to be paid per mo.

3rd -- Creditors listed in E.(1)(A) and E.(2)(A), which must be designated to be paid per mo, and Domestic Support Obligations ("DSO") in B.(3), which must be designated to be paid per mo.

4th -- Attorney Fees in C, which must be designated to be paid pro-rata.

5th -- Post-Petition Mortgage Arrearage as set out in D.(3), if designated to be paid per mo.

6th -- Post-Petition Mortgage Arrearage as set out in D.(3), if designated to be paid pro-rata.

7th -- Arrearages owed on Executory Contracts and Unexpired Leases in K, which must be designated to be paid per mo.

8th -- Any Creditors listed in D.(1), if designated to be paid per mo.

9th -- Any Creditors listed in D.(1), if designated to be paid pro-rata and/or Creditors listed in E.(1)(B) or E.(2)(B), which must be designated to be paid pro-rata.

10th -- All amounts allowed pursuant to a *Notice of Fees, Expenses and Charges*, which will be paid pro-rata.

11th -- Priority Creditors Other than Domestic Support Obligations ("Priority Creditors") in H, which must be designated to be paid pro-rata.

12th -- Special Class in I, which must be designated to be paid per mo.

13th -- Unsecured Creditors in J, other than late filed or penalty claims, which must be designated to be paid pro-rata.

14th -- Late filed claims by Secured Creditors in D.(1), D.(2), D.(3), E.(1) and E.(2), which must be designated to be paid pro-rata, unless other treatment is authorized by the Court.

15th -- Late filed claims for DSO or filed by Priority Creditors in B.(3) and H, which must be designated to be paid pro-rata.

16th -- Late filed claims by Unsecured Creditors in J, which must be designated to be paid pro-rata.

17th -- Unsecured claims for a non-pecuniary penalty, fine, or forfeiture, or for multiple, exemplary or punitive damages, expressly including an IRS penalty to the date of the petition on unsecured and/or priority claims.  These claims must be designated to be paid pro-rata.

V.   **POST-PETITION CLAIMS:**

Claims filed under § 1305 of the Bankruptcy Code shall be paid as allowed.  To the extent necessary, *Debtor(s)* will modify this *Plan*.

Case No:    17-40511-mxm13
Debtor(s):  **Richard Ernest Bennett**

___

W.  <u>**TRUSTEE'S RECOMMENDATION CONCERNING CLAIMS ("TRCC") PROCEDURE:**</u>

See the provisions of the General Order regarding this procedure.

Case No:   17-40511-mxm13
Debtor(s):   **Richard Ernest Bennett**

## SECTION III
## NONSTANDARD PROVISIONS

The following nonstandard provisions, if any, constitute terms of this *Plan*. Any nonstandard provision placed elsewhere in the *Plan* is void.

**None.**

I, the undersigned, hereby certify that the *Plan* contains no nonstandard provisions other than those set out in this final paragraph.

**/s/ Sharon K. Sherman**
Sharon K. Sherman, Debtor's(s') Attorney              Debtor (if unrepresented by an attorney)

Debtor's(s') Chapter 13 Plan (Containing a Motion for Valuation) is respectfully submitted.

**/s/ Sharon K. Sherman**                              **24033059**
Sharon K. Sherman, Debtor's(s') Counsel              State Bar Number

Case No: 17-40511-mxm13
Debtor(s): **Richard Ernest Bennett**

---

### CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that the foregoing Debtor's(s') Chapter 13 Plan (Containing a Motion for Valuation) was served on the following entities either by Electronic Service or by First Class Mail, Postage Pre-paid on the      **13th day of June, 2017**      :

(List each party served, specifying the name and address of each party)

| Dated:      **June 13, 2017**      | **/s/ Sharon K. Sherman**                   |
|---|---|
|  | Sharon K. Sherman, Debtor's(s') Counsel |

Affiliated Credit Services
PO Box 77398
Rochester, MN 55903

Barrett Daffin Frappier et al
4004 Belt Line Road, Ste. 100
Addison, TX 75001

CBCS Debt Resolution
PO Box 1810
Columbus, OH 43216

American Medical Collection
4 Westchester Plaza
Suite 110
Elmsford, NY 10523

Birch Communications
xx0187
P.O. Box 105066
Atlanta, GA  30348-5066

Certegy Payment Recovery
PO Box 30031
Tampa, FL 33630

Ameripath North Texas
PO Box 844810
Dallas, TX 75284-4010

Bonded Collection Corp.
29 E. Madison St.
Ste. 1650
Chicago, IL 60602

Child Study Center
xx5319
1300 W. Lancaster
Ft. Worth, TX 76102

AT&T
xxxxx5999
PO Box 536216
Atlanta, GA 30353

Capital One
PO Box 85617
Richmond, VA 23276-0001

Cook Chidren's Medical Center
xxxxxxxx2306
801 7th Avenue
Fort Worth, TX 76104

AT&T
xxxxxxxx2418
PO Box 537104
Atlanta, GA 30353-7104

Capital One Bank
xxxx-xxxx-xxxx-2492
PO Box 85015
Richmond, VA 23285-5015

Cook Chidren's Medical Center
xxxxxxxx6379
801 7th Avenue
Fort Worth, TX 76104

AT&T Advertising Solutions
c/o American Recovery Service
555 St. Charles Drive
Ste 100
Thousand Oaks, CA 91360

CBCS
PO Box 69
Columbus, OH 43216

Cook Chidren's Medical Center
xxxxxxxx7213
801 7th Avenue
Fort Worth, TX 76104

Case No:   17-40511-mxm13
Debtor(s):   **Richard Ernest Bennett**

---

Cook Children's Medical Center
xxxxxxxx4001
801 7th Avenue
Fort Worth, TX 76104

Denitech
PO Box 844173
Dallas, TX 75284

JPS Health
PO Box 916046
Ft. Worth, TX 76191-6046

Cook Childrens
PO Box 99213
Fort Worth, TX 76199

Family Healthcare Associates
xxxxx3364
PO Box 14221
Arlington, TX 76094

Laboratory Corp of America
xxxxxxxx6150
PO Box 2240
Burlington, NC 27216-2240

Cook Childrens Physician Network
xxxxxxx2155
801 7th Avenue
Fort Worth, TX 76104

Federal National Mortgage
c/o Seterus Inc.
14523 SW Millikan Way
Suite 200
Beaverton, OR 97005

Lexis Nexis
PO Box 1001
Summit, NJ 07902-1001

Credit Collection Services
xxxxxxx9557
Two Wells Ave.
Newton, MA 02459

Financial Corp of America
PO Box 203500
Austin, TX 78720-3600

Linebarger Goggan Blair & Sampsom, LLP
309 W 7th Street, Ste. 1414
Fort Worth, TX  76102-5113

Credit Management, Inc.
4200 International Pkwy
Carrollton, TX 75007-1912

GC Services, LP
6330 Gulfton
Houston, TX 77081

Love & Norris
314 Main Street
Suite 300
Fort Worth, TX 76102

Credit Systems Intl. Inc.
1277 Country Club Ln.
Ft. Worth, TX 76112

GE Capital
PO Box 740423
Atlanta, GA 30374

Mansfield ISD
c/o Perdue, Brandon, Fielder et al
PO Box 13430
Arlington, TX 76094

Credit Systems Intl. Inc.
xxxxx7142
1277 Country Club Ln.
Ft. Worth, TX 76112

IRS-Special Procedures
1100 Commerce St.
Room 9A60, MC5020 DAL
Dallas, TX  75242

Medical Center of Arlington
3301 Matlock Rd.
Arlington, TX 76015

Dell Financial Services
PO Box 81577
Austin, TX 78708-1577

JP Morgan Chase Bank
PO Box 260180
Baton rouge, LA 70862-0180

Medical Center of Arlington
10030 North McArthur
Irving, TX 75063

Case No:   17-40511-mxm13
Debtor(s):   **Richard Ernest Bennett**

---

| | | |
|---|---|---|
| MHMR of Tarrant County<br>3840 Hulen Street<br>Fort Worth, TX 76107 | Paramount Recovery Systems<br>PO Box 788<br>Lorena, TX  76655-0788 | Retrieval-Masters Creditors<br>4 Westchester Plaza<br>Suite 110<br>Elmsford, NY 10523 |
| Moss & Barnett<br>4800 Wells Fargo Center<br>90 South Seventh Street<br>Minneapolis, MN 55402 | Perdue Brandon Fielder et al<br>4025 Woodland Park Blvd. #300<br>PO Box 13430<br>Arlington, TX 76094-0430 | Richard Ernest Bennett<br>1101 Doubletree Lane<br>Mansfield, TX 76063 |
| Nationwide Credit Inc.<br>2015 Vaughn Rd, Building 400<br>Kennesaw, GA 30144-7802 | Questcare Medical Services, PA<br>PO Box 201611<br>Dallas, TX 75320 | Sallie Mae<br>P.O. Box 9500<br>Wilkes-Barre, PA 18773 |
| Nationwide Recovery Systems<br>xxx2314<br>4635 McEwen Road<br>Dallas, TX 75244 | Radiology Assoc of Tarrant<br>PO Box 99337<br>Ft. Worth, TX 76199 | Seterus<br>xxx8862<br>14523 SW Millkan Way, Ste. 200<br>Beaverton, OR  97005 |
| Navient Student Loans<br>xxxxxxx295-1<br>PO Box 9500<br>Wilkes Barre, PA 18773-9500 | RDK Collection Services<br>2899 E. Big Beaver Road<br>PMB 313<br>Troy, MI 48083-2466 | Staples Credit Plan<br>PO Box 689020<br>Des Moines, IA 50368-9020 |
| NCO Financial<br>PO Box 12100, Dept 64<br>Trenton, NJ 08650 | Regional Adjustment Bureau, Inc.<br>xxx7272<br>PO Box 2209<br>Addison, TX 75001 | Tarrant County<br>100 E. Weatherford<br>Fort worth, TX 75266-0409 |
| One Advantage<br>PO Box 025437<br>Miami, FL 33102-5437 | Retailers National Bank<br>Target<br>P.O. Box 59317<br>Minneapolis, MN 55459 | Terminix<br>3217 W. Pioneer Parkway<br>Pantego, TX 76013 |
| Pam Bassel<br>7001 Blvd. 26<br>North Richland Hills, TX  76180 | Retailers National Bank<br>Target<br>P.O. Box 59231<br>Minneapolis, MN 55459 | The Children's Courtyard<br>8131 Matlock Road<br>Arlington, TX 76002 |

Case No:     17-40511-mxm13
Debtor(s):   **Richard Ernest Bennett**

---

The Childrens Courtyard
8131 Matlock Road
Arlington, TX 76002

Time Warner, Inc.
One Time Warner CEnter
New York, NY 10019-8016

United Recovery Systems, Inc.
5800 North Course Drive
Houston, TX 77072

West Asset Management
2703 North Hwy 75
Sherman, TX 75090

West Publishing Corp.
c/o Moss & Barnett, P.A.
4800 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402

YMCA of Arlington
7120 S. Cooper St.
Arlington, TX 76001

YP
xxxxxxxxxx-x0001
P.O. Box 500452
St. Louis, MO  63150-0452

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

IN RE:  **Richard Ernest Bennett**                              CASE NO.  **17-40511-mxm13**

                                                                CHAPTER  **13**

## Certificate of Service

The undersigned hereby certifies that on 6/5/2017 a true and correct copy of the Notice of Amended Chapter 13 Plan was served on the parties listed on attached matrix.

Date:  **6/13/2017**                                            **/s/ Sharon K. Sherman**
                                                                **Sharon K. Sherman**
                                                                Attorney for the Debtor(s)